___ Priority
✓ Send
___ Clsd
✓ Enter
✓ ~~JS-5~~/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
FEB -2 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
FEB -3 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA NICOLESCU, CONSTANTIN NICULESCU-BABA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED NATIONS ORGANIZATION, et al., <br><br> Defendants. | CASE NO. CV 04-2720 NM <br><br> ORDER GRANTING DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS |

## I. INTRODUCTION

On April 19, 2004, Constantin Niculescu-Baba ("Plaintiff"), a pro se litigant, filed a 103-page complaint ("Complaint") against more than 300 defendants. He filed this action on behalf of himself and his deceased mother, Lucia Nicolescu. On July 7, 2004, the court dismissed Plaintiff's Complaint without prejudice as to all defendants for failure to comply with Federal Rule of Civil Procedure 8(a). On July 20, 2004, Plaintiff filed his First Amended Complaint ("FAC"). Defendant Federal Bureau of Investigation ("FBI") filed a

164

motion for a more definite statement on August 11, 2004. On September 29, 2004, the court granted Defendant FBI's motion and dismissed the FAC without prejudice as to all defendants for failure to comply with Rule 8(a). The court cautioned Plaintiff that failure to amend to conform to Rule 8(a) could result in dismissal with prejudice.

On October 12, 2004, Plaintiff filed his Second Amended Complaint ("SAC"). Now pending before the court is Defendant FBI's motion to dismiss the SAC with prejudice pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with Rule 8.[1]

## II. RELEVANT FACTUAL BACKGROUND[2]

Plaintiff alleges that he and his mother have been "injured for 56 long years by the robbery of their properties, social identity, human condition, [and] annihilation of their rights as civil members of society." SAC at 27. Plaintiff supports this allegation with historical narratives of alleged persecution and discrimination both in and outside the United States. Id. at 12-27. Plaintiff alleges that his family's assets were seized following the signing of the Treaty of Peace with Romania in December 1947. Id. at 12. These assets allegedly included various types of property, several businesses, and bank accounts. Id. at 13. Plaintiff further asserts that his family has been victimized by "total 'exprop[r]iation' without any reimbursement," "forced exile," "obligatory domicile," "repetitious incarcerations," and "repetitious firings." Id. at 13-14.

Plaintiff steadfastly maintains that the aforementioned events are a direct result of the actions of a "powerful cabal of one-world internationalists" offering

---

[1] Defendant David Nelson joined in the FBI's motion on December 22, 2004.

[2] The following facts from the Second Amended Complaint are assumed true for purposes of this motion only.

2

"world government" to mankind after World War II. Id. at 6. As best the court can decipher from the SAC, it is this theory of "world government" and "anti-Christian Orthodoxy" that has led Plaintiff to name numerous governments, federal and state agencies, private organizations, and various individuals as defendants. Id. at 1-2.[3] Plaintiff alleges that his family, as members of an "exterminated class" of "Christian-Orthodox landowners," has been the victim of an "anti-Christian Communism, a Jewish-Materialist-Dialectic doctrine, encompassing for centuries the fanatic 'anti-Christian revolutionaries.'" Id. at 3, 36. Attempting to demonstrate that his family's misfortune flows from a grandiose "U.N. universalist plan" and "Communist-Capitalist Jewish" conspiracy, Plaintiff fills the SAC with historical narratives and quotations. Id. at 3-12, 14-16.

### III. DISCUSSION

#### A. Legal Standard

Federal Rule of Civil Procedure 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e). A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Rule 41(b). Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981). Rule 41(b) provides in part that a defendant may move for dismissal of an action if a plaintiff fails to comply with the Federal Rules of Civil Procedure or an order of the court. See

---

[3] Plaintiff has named over 70 defendants in his Second Amended Complaint, fewer than the 300 named defendants in his original Complaint, though still a considerable number. Named defendants include entities and persons as diverse and seemingly unrelated as the Los Angeles Police Department, the Communist Internationale, Emperor Hirohito's Estate, the Rothschilds, California Federal Bank, and the Farmers Market.
3

Fed. R. Civ. P. 41(b).

Because dismissal with prejudice under Rule 41(b) is a harsh remedy, a district court should first attempt other less drastic alternatives. Nevijel, 651 F.2d at 674; McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). "These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that [the party] associate experienced counsel." Nevijel, 651 F.2d at 674. The district court need not, however, "exhaust them all before finally dismissing a case." Id. Ultimately, whether to dismiss a complaint with prejudice pursuant to Rule 41(b) lies within the discretion of the district court. See Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980). The exercise of this discretion "requires only that possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects." Nevijel, 651 F.2d at 674.

## B. Application

Plaintiff's SAC, like his prior complaints, fails to provide a "short and plain statement" of his claims, as Rule 8(a) requires. The SAC is just as verbose, confusing and conclusory as the FAC. It fails to comply with the court's previous order to set forth, in clear and concise language, the factual and legal bases for any relief. Though Plaintiff claims that the FBI and other defendants are part of a decades-long communist conspiracy that has resulted in the oppression of his family, he fails to allege facts demonstrating how the FBI or any other defendant participated in this conspiracy. Instead, Plaintiff's SAC consists mainly of narrative ramblings and political argument. Cf. McHenry, 84 F.3d at 1176 ("The purpose of the court system is not, after all, to provide a forum for storytelling or political griping, but to resolve legal disputes.").

For ill-defined crimes ranging from "genocide, terror, slavery, and torture" to "murder and ag[g]ravated circumstances for homosexual determining factors" and "robbery of icons," Plaintiff has requested compensation in the trillions of

dollars from a panoptic group of defendants. SAC at 32-38. The SAC fails, however, to make clear connections between specific factual allegations and individual defendants. Given the number and diversity of defendants and the breadth of Plaintiff's allegations, such vague and unclear accusations will not suffice.

Although pro se litigants, such as Plaintiff, are not held to the same pleading standards as attorneys, any complaint must be sufficiently clear to advise a named defendant of the law he has allegedly violated and of the facts demonstrating that violation. See Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988) (pro se litigant's vague and conclusory statements insufficient to support complaint). Plaintiff makes no attempt in the SAC to match specific factual allegations and legal claims to specific defendants. The SAC thus fails to provide the FBI and other defendants with a fair opportunity to frame a responsive pleading. "[T]here is a limit to the indulgence of the law[,] and even a pro se complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the basis for the cause of action." In re "Santa Barbara Like It Is Today" Copyright Infringement Litig., 94 F.R.D 105, 108 (D. Nev. 1982).

In short, the SAC is "so verbose, confused and redundant" that it fails to meet the minimum requirements of the federal rules. Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965). Courts in the Ninth Circuit have dismissed such complaints with prejudice, after a plaintiff has been given one or more opportunities to comply with Rule 8. See Nevijel, 651 F.2d at 674 (affirming dismissal of first amended complaint with prejudice for being as verbose, confusing, and conclusory as original complaint); Corcoran, 347 F.2d at 223 (upholding dismissal of second amended complaint that was verbose, confused, and redundant); Schmidt, 614 F.2d at 1224 (district court properly dismissed with prejudice second amended complaint that was "confusing, distracting, ambiguous, and unintelligible"). Here, Plaintiff has been permitted to replead twice. In its

September 29, 2004 Order, the court set forth basic pleading requirements for Plaintiff to adhere to in drafting his SAC. See September 29, 2004 Order at 6. Yet Plaintiff has all but ignored the court's pleading suggestions, despite the court's warning that failure to amend to comply with Rule 8 could result in dismissal with prejudice. In light of Plaintiff's demonstrated unwillingness to follow court orders and repeated refusals to present his claims in an orderly fashion, any further repleading would be futile. See McHenry, 84 F.3d at 1178-79.[4]

Furthermore, the time and resources of the court in the administration of justice and the rights of defendants to be free from harassing litigation must be considered. Nevijel, 651 F.2d at 675. Prolix and unintelligible complaints such as Plaintiff's impose unfair burdens on both litigants and judges, who must expend scarce resources attempting to determine what a plaintiff's claims might be. See McHenry, 84 F.3d at 1179. This court has twice allowed Plaintiff to replead and has even attempted to direct him to how he might allege a valid claim. As Plaintiff has proven unwilling to comply with this court's orders or basic federal pleading requirements, dismissal with prejudice is warranted.

---

[4] Plaintiff has a history of similar conduct before both federal and state courts. See, e.g., Nicolescu v. Municipal Court of Los Angeles, Judicial District, CV 99-8973 R (BQR) (C.D. Cal. 1999) (first amended complaint dismissed with prejudice for failure to comply with Rule 8); Niculescu-Baba v. Rubenstein, No. BC077526 (Los Angeles County Super. Ct. 2000) (Plaintiff declared vexatious litigant under California state law).

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendant FBI's motion to dismiss the Second Amended Complaint with prejudice. As the reasons for granting the order apply equally to all defendants, the court, *sua sponte*, dismisses the Second Amended Complaint with prejudice as to all remaining defendants. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (*sua sponte* dismissal of action against non-moving defendants is appropriate "where such defendants are in a position similar to that of moving defendants").

IT IS SO ORDERED

DATED: February 2, 2005

Nora M. Manella
United States District Judge